IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ADI (#05140120), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3833 |
| | § | |
| UNITED STATES MARSHAL'S SERVICE, | § § | |
| | § | |
| Respondent. | § | |

## ORDER TO TRANSFER

The petitioner, John Adi, is in custody of the Liberty County Jail following his recent release from the Texas Department of Criminal Justice - Correctional Institutions Division. Adi complains that he is wrongfully detained because of a conviction entered against him in the United States District Court for the Southern District of Texas, Houston Division, in *United States v. John Chizoba Adi*, No. H-83-113-01 (January 30, 1984). Adi does not challenge the conviction or the sentence imposed in that case. Therefore, the Court construes his petition as one challenging the length of confinement under 28 U.S.C. § 2241. As such, this Court lacks jurisdiction over the petition for reasons that follow.

Challenges to the length of confinement are governed by 28 U.S.C. § 2241. A petition filed by a prisoner under § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To entertain a habeas corpus petition under 28 U.S.C. § 2241, "the district court

must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). Adi is currently in custody at the Liberty County Jail in Liberty, Texas. That facility is located within the jurisdictional limits of the United States District Court for the Eastern District of Texas, Beaumont Division. 28 U.S.C. § 124(c)(2). Because the applicant is not incarcerated within the Southern District of Texas, Houston Division, this Court has no jurisdiction over the subject matter of the pending habeas corpus petition. *See Gabor*, 905 F.2d at 78.

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It appears that the interests of justice would be served if this petition were transferred to the district where petitioner is incarcerated. Therefore, the Clerk is **ORDERED** to transfer this petition for a writ of habeas corpus to the Clerk of the United States District Court for the Eastern District of Texas, Beaumont Division.

It is further **ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

The Clerk's Office will send a copy of this order to the parties.

SIGNED at Houston, Texas, on **November 23, 2005.**

_____
Nancy F. Atlas
United States District Judge

2